# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2785-18T1

O.H.N.,

    Plaintiff-Respondent,

v.

A.T.H.,

    Defendant-Appellant.

_____

Submitted February 25, 2020 – Decided March 6, 2020

Before Judges Fisher and Rose.

On appeal from the Superior Court of New Jersey, Chancery Division, Family Part, Middlesex County, Docket No. FV-12-0727-19.

Law Office of Jarred S. Freeman, attorneys for appellant (Jarred S. Freeman, on the brief).

Respondent has not filed a brief.

PER CURIAM

The parties were divorced in 2012. Plaintiff O.H.N. (Olivia, a fictitious name) filed this matter against defendant A.T.H. (Alan, also a fictitious name),

her ex-husband, under the Prevention of Domestic Violence Act, N.J.S.A. 2C:25-17 to -35, alleging a series of circumstances that occurred on November 7, 2018. She claimed Alan's conduct constituted criminal mischief, stalking, and harassment. At the end of a hearing, the judge found that part of the conduct constituted harassment and issued a final restraining order. Alan's later reconsideration motion was denied.

Alan appeals, arguing that the judge erred in concluding the events found to have occurred did not constitute harassment and in denying his reconsideration motion. We find no merit in these arguments and affirm.

At the final hearing, Olivia testified about the events of November 7, 2018. She claimed that Alan came to her home, entered using his key, confronted her, and berated her. Fearful his diatribe would escalate and might lead to physical violence, and because the children were present, Olivia left the home and drove first to a store. Alan followed. She then went to her workplace. Olivia did not notice whether Alan followed her there as well, but when she went back out to her car after a short while, she noticed it had been entered and papers taken. She called the police who located a nearby video camera and were able to play for Olivia a video of what occurred in the parking lot. In watching the video, Olivia observed Alan enter her vehicle's interior, rifle through papers

there, and then open and search the car's trunk. The police reached out for Alan, as a result of which papers taken from the car were returned to Olivia.

In his testimony, Alan acknowledged that he entered the vehicle and its trunk and that he removed a file, which included their children's passports and birth certificates. He claimed that he so acted out of concern that Olivia would take the children out of the country.

The judge found Olivia credible. Indeed, the fact that Alan entered the vehicle and removed papers that did not belong to him without Olivia's consent was undisputed. The judge did not find Alan's conduct constituted criminal mischief or that he had stalked Olivia, but he found Alan committed the predicate act of harassment as defined by N.J.S.A. 2C:33-4(c), in that by searching and removing papers from Olivia's car shortly after a heated argument, Alan engaged in a "course of alarming conduct . . . with purpose to alarm or seriously annoy" Olivia. In considering our standard of review, which requires deference to the trial judge's findings and a special deference to family judge findings, Cesare v. Cesare, 154 N.J. 394, 411-13 (1998), we conclude that Alan has not presented a principled reason for our second-guessing the experienced trial judge's findings or his assessment of their meaning.

In moving for reconsideration, Alan argued, among other things, that Olivia could not have been annoyed or alarmed by his searching and removing papers from her car because she did not witness him do that, citing J.D. v. M.D.F., 207 N.J. 458, 485 (2009) (holding that defendant being outside plaintiff's residence at an early morning hour could not support a finding under N.J.S.A. 2C:33-4(a) when plaintiff was "completely unaware" of defendant's presence). We find no merit in this argument. A domestic violence victim need not actually witness an event to be annoyed or alarmed by it. Alan knew that Olivia had driven her car there, and he must have known that at some point she would come back to her car and observe that it had been searched and, eventually, that things would have been missing. That event would be sufficient to cause annoyance or alarm for any reasonable person. Moreover, as the judge observed, Olivia did in a way witness the breaking into her car because she was able to watch it occur in the video obtained by the police.

Alan also argued in his reconsideration motion that N.J.S.A. 2C:33-4(c) requires "a course" of alarming conduct, see J.D., 207 N.J. at 486, and the judge – Alan claims – found only a single event. This misinterprets the judge's findings, which not only included Alan's search of the car and seizure of papers from it, but also his having entered her home to berate her, after which he

A-2785-18T1

followed Olivia to a store, and later to her workplace.  The judge considered the entirety of Alan's conduct when he found the predicate act defined in N.J.S.A. 2C:33-4(c).

To the extent Alan presents any other arguments not specifically addressed, we find they are without sufficient merit to warrant discussion in a written opinion.  R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

A-2785-18T1